I respectively dissent. The majority appears to place an additional element of proof upon the state in a sexual predator adjudication; namely, proving by clear and convincing evidence that the defendant is in sufficient health to commit such offenses in the future. I believe that this burden is misplaced.
The issue of "incapability" to commit a sexually oriented offense (which it should be noted does not require an act as physically demanding as rape) is a defense to appellant and, as such, should be his burden to prove.
Notwithstanding the trial court's comments regarding appellant's medical condition, this court must look to the record in its review. State v. Johnson (Sept. 24, 1998), Franklin App. No. 97APA12-1585, unreported (1998 Opinions 4551, 4558).
Here, the only evidence regarding his ability to have sex is a notation in the record of appellant's opinion that he cannot have sex and a physician's notation on a psychiatric pre-parole evaluation that the doctor feels he is not capable of "doing the offenses he was incarcerated for." State's Exhibit 5. (It is important to note that Dr. Mark Halle, the author of the evaluation, was not a treating or examining physician.) Appellant was incarcerated for multiple counts of rape, kidnapping, aggravated burglary, aggravated robbery and felonious assault. Only the serial rape conviction has any bearing on this determination and, as such, there is no evidence in the record that would indicate that appellant would not be capable of other sexually oriented offenses, i.e., non-consensual sexual contact or touching of an "erroneous zone." See R.C. 2907.01(B).
Accordingly, I would affirm the judgment of the Franklin County Court of Common Pleas. Therefore, I respectfully dissent in the majority opinion of my colleagues.